```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**W.A. BARR, ET AL.**                                          **PLAINTIFFS**

**VS.**                                       **CIVIL ACTION NO. 3:03-CV-1164**

**KOCH INDUSTRIES, INC., ET AL.**                              **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion for Summary Judgment of Defendants Koch Industries, Inc., Entergy – Trading LP f/k/a United Gas Services Company, and Koch Pipeline Company, LP ("Koch Defendants"), filed on April 20, 2006. Having considered the Motion, to which Plaintiff failed to respond, the Court finds that it is well taken and should be granted.[1]

**I.   Factual Background and Procedural History**

On December 31, 2002, Plaintiffs filed a Complaint in the Chancery Court of Simpson County, Mississippi, against Defendants. The original Complaint was amended on September 30, 2003. The

---

[1] Ordinarily, a motion may be granted as unopposed if a party fails to submit a response to the motion. Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.  However, if the motion in question is for summary judgment, a court must consider the motion on the merits, regardless of whether the opposing party responds. <u>Id.</u>  Under the standard set forth in Local Rule 7.2(C)(2), the Court must consider Plaintiff's Motion for Summary Judgment on the merits.

Amended Complaint alleges that Defendants either installed or instructed others to install fiber-optic cable on property owned by Plaintiffs in Simpson, Covington, Smith, Forrest and Jones County, Mississippi, without the knowledge or consent of Plaintiffs. Plaintiffs assert claims of trespass, ejectment, unjust enrichment and conspiracy against Defendants as a result of the unauthorized entry on Plaintiffs' property.

Koch Defendants removed this action to this Court on October 8, 2003. In their Notice or Removal, Koch Defendants asserted that the amount in controversy exceeds $75,000 and that the only non-diverse Defendants in this matter, Seabreeze, LLC, and Seabreeze, Inc. ("Seabreeze Defendants"), were fraudulently joined. Therefore, because the requirements of 28 U.S.C. § 1332 were satisfied, Defendants claimed that removal was proper pursuant to 28 U.S.C. § 1441. Plaintiffs did not move to remand.

On April 20, 2006, Koch Defendants filed the instant Motion for Summary Judgment to which Plaintiffs did not respond. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and will now consider the pending Motion for Summary Judgment.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

3

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III. Analysis

Koch Defendants contend that they have never laid fiber-optic cable or caused fiber-optic cable to be laid on Plaintiff properties, a fact that is integral to all claims asserted by Plaintiffs. Plaintiffs have failed to provide the Court with any admissible evidence of this fact. Accordingly, Koch Defendants are entitled to judgment as a matter of law as no genuine issues of material fact exist.

Further, the Court finds that Seabreeze Defendants must also be dismissed. In their Notice of Removal, Koch Defendants contended that this Court has diversity of citizenship jurisdiction because Seabreeze Defendants were fraudulently joined as Defendants in this matter. Plaintiffs did not move to remand this cause; therefore, the Court must assume that Plaintiffs concede that they have no

viable claims against Seabreeze Defendants. Accordingly, the Court finds that Seabreeze Defendants were fraudulently joined and must therefore be dismissed.

## IV.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendants Koch Industries, Inc., Entergy – Trading LP f/k/a United Gas Services Company, and Koch Pipeline Company, LP, [docket entry no. 9] is hereby granted. Defendants Koch Industries, Inc., Entergy – Trading LP f/k/a United Gas Services Company, and Koch Pipeline Company, LP, are hereby dismissed, with prejudice.

IT IS FURTHER ORDERED that Defendants Seabreeze, LLC, and Seabreeze, Inc., are hereby dismissed, with prejudice. A Final Judgment will be entered reflecting the final resolution of this matter.

SO ORDERED this the 21st day of June, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

blj